Chief Justice Bibb
delivered the Opinion of the Court.
Warden sued a warrant from a justice, against Mitchell, to answer for “nonpayment of a debt due on an account for fifty dollars” — and had judgment for thirty-two dollars fifty cents, Mitchell appealed to the circuit court.
On the trial of the appeal, Warden, to support his claim so begun by warrant, introduced a witness who staled, that he had a runaway negro in his *262 custody Us jailor, the negro gave an order to his former master for a horse which the negro claimed, and then in possession of Mitchell, requesting the witness to get the horse and deliver him to the negro’s wife. Mitchell said he should not have the horse, for Warden and himself had got the horse for catching the negro; the witness' thought the horse worth seventy-five dollars. Another witness stated he had heard Mitchell say he had parted with the horse he had got with the negro; and the witness thought the horse worth seventy or seventy-five dollars.
motion for'a nonsuit over= ruled, and oxceptions.
Evidence of e fen ant.
Upon the evidence of Warden, Mitchell moved c0u^ instruct the jury, that the magistrate had no' jurisdiction of the demand, and that they should find as in the case of a non suit. Secondly, that if Warden and Mitchell held the horse in partnership this action would not lie; the court refused the instructions asked, to which the attorney for Mitchell took a bill of exceptions.
The defendant then proved, Mr. M’ Donald had bought the negro of Mr. Smith; the negro ran away; Donald employed Mitchell to search for the negro, and agreed to give a dollar per day for his services; M’ Donald had also employed Warden to search for the negro. Mitchell proposed to M’Doonald, that if he would let him have the horse which the negroe had; he would not charge the dollar per day for his services M’Donall declared the horse was not his, he had not bought the horse, and had no claim to him, but if he caught the negro, he, Mitchell, might have his, M’Donnalds interest in the horse; and Mitchell had caught the negro. Mr. Smith, the former proprietor of the negro deposed that the negro had been in the habit of riding his horses at night; to prevent which he had given the negro a poney, the negro had swapt several times until he had got a very good horse; by giving boot, which the negro had paid with Smith’s property, taken out of his mill; he had never sold the horse to M’ Donald, Warden, or Mitchell, or any one else; after he had sold the negro to M’ Donald; Smith had lent the horse to a friend to ride to church; *263 Mitchell applied to him to know what claim he had to the horse; Smith replied, that if his claim of twelve dollars was paid, he -would, give the horse the negro; Mitchell paid him the twelve dollars, and from that time, Smith had set up no claim to the horse.
Verdict for t^fafrefused'^ and judg- 5 ment.
Justicohavmg bad no juthe uiaTof*11 the appeal in the circuit he instructed to And for dofcntlant‘
Held the case assumpsit.
Mandate,
Rudd) for plaintiff; Crittenden, for defendant,
The jury found a verdict for Warden for thirty four dollars fifty cents in damages; Mitchell moved for a new trial, which was refused; and judgment was entered according to the verdict,
It is plain that the cause of action, as prosecuted by Warden before the justice, was not such as was withinhis cognizance. It was neither debt nor account, within the meaning of the act, defining the jurisdiction of the justices of the peace; neither debt, nor assumpsit-would lie. It was an action to try the title of Warden to the horse as a co-tenant with Mitchell, and to recover, not half the price received by Mitchell, but damages. What Mitchell got for the horse when he parted from him, whether money or property, or how h.e had disposed qf him, did not appear in proof. The court, therefore should have instructed the jury that the justice had no jurisdiction, and that if the plaintiff and defendant were co-tenants, yet the action sued before -the justice was improper.
It is plain also, that upon the whole evidence the jury found improperly for Warden, in a case improperly begun in debt; and upon evidence which had no tendency to establish a debt, qr indebitatus assumpsit,
It is, therefore, considered .that the judgment of the circuit court be reversed, and tbe cause be remanded, with directions to proceed with a venire -facias de novo.
The plaintiff in this court to have his costs.